**Rick Klingbeil, OSB #933326**
**RICK KLINGBEIL, PC**
520 SW Sixth, Suite 950
Portland, OR 97204
Ph: (503) 473-8565
rick@klingbeil-law.com

**Brady Mertz, OSB #970814, WSB #32558**
2285 Liberty St NE
Salem OR 97301
Ph: (503) 385-0121
brady@bradymertz.com

**Brooks Cooper, OSB #941772, WSB #32460**
520 SW 6th Ave., Ste. 914
Portland OR 97204
Ph: (971) 645-4433
brooks@bcooper-law.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VICKI VAN VALIN, on behalf of herself and all others similarly situated within the state of Oregon; NEIL MERTZ on behalf of himself and all others similarly situated within the state of Washington;<br><br>Plaintiffs,<br>v.<br><br>GOOGLE, INC., a Delaware corporation;<br><br>Defendant. | No.<br><br>CLASS ACTION ALLEGATION COMPLAINT<br><br>(Invasion of Privacy; 18 U.S.C. § 2511, et seq.)<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs individually and on behalf of the below-described class allege as follows:

### NATURE OF THE CASE

1. This is a class action. Plaintiffs, on behalf of themselves, and all similarly situated

Page 1 -   **CLASS ACTION ALLEGATION COMPLAINT**
           **(Invasion of Privacy, 18 U.S.C. § 2511 et seq.)**

persons seek recovery of monetary damages, penalties, attorney fees, and other relief based on certain acts of defendant, including invasion of legally protected privacy interests, acquisition of personal and private information without permission or consent, and violation of privacy and security rights granted by 18 U.S.C. § 2511, et seq.

## JURISDICTION AND VENUE

2.      This court has original jurisdiction over this class action under 18 U.S.C. § 1332(d) the Class Action Fairness Act ("CAFA").  The CAFA explicitly provides for the original jurisdiction of the federal court in any class action in which any member of the class is a citizen of a state different from any Defendant, and where the matter in controversy exceed the sum of $5 million exclusive of interests and costs.  Plaintiffs allege that the claims of individual class members in this action exceeds $5 million in the aggregate, exclusive of interest and costs, and that the total number of members of the proposed class is greater than 100, as required by 28 U.S.C. § 1332(d)(2), (5).  As set forth below, plaintiffs are citizens of Oregon and Washington, and defendant is a Delaware corporation with its headquarters and main office located in California.  This court also has jurisdiction under 28 U.S.C. § 1331 because plaintiffs have alleged a violation of 18 U.S.C. § 2511, et seq.

3.      Venue lies within this District pursuant to 28 U.S.C. 1391(b)-(c) in that defendant conducts business in this District; certain acts giving rise to the claims asserted in this Complaint occurred within this District; the actions of Defendants alleged in this Complaint caused damages to plaintiff Van Valin and a substantial number of class members within this District, and plaintiff Vicki Van Valin resides within this District.

## THE PARTIES

4.      Plaintiff Vicki Van Valin ("Van Valin") is an individual residing in Oregon.  During

Page 1 -    **CLASS ACTION ALLEGATION COMPLAINT**
            **(Invasion of Privacy, 18 U.S.C. § 2511 et seq.)**

the class period, Van Valin used and maintained and used an open wireless internet connection ("WiFi connection") at her home. Van Valin used the wireless internet connection to transmit and receive personal and private data, including but not limited to personal emails, personal internet research and viewing, work-related emails, work-related documents, work-related internet research and viewing, credit card information, banking information, personal identification information such as social security numbers, date of birth, medical information, and telephone calls made using a voice over internet (VOIP) protocol.

5.  Plaintiff Neil Mertz ("Mertz") is an individual residing in the state of Washington. During the class period, Mertz used and maintained and used an open wireless internet connection ("WiFi connection") at his home. Mertz used the wireless internet connection to transmit and receive personal and private data, including but not limited to personal emails, personal internet research and viewing, credit card information, banking information, personal identification information such as social security numbers, date of birth, and medical information.

6.  Defendant Google Inc. ("Google") is a multinational public cloud computing and internet search technologies corporation. Google hosts and develops a number of Internet-based services and products. It was first incorporated as a privately held company on September 4, 1998, with its initial public offering to follow on August 19, 2004. Google is a Delaware corporation with its home office in the state of California. The company's stated mission from the outset of its existence has been "to organize the world's information and make it universally accessible and useful."

### DEFENDANT'S CONDUCT

7.  One of Google's web-based and web-accessed internet services is Google Street View ("GSV").  GSV is a technology featured in the Google Maps and Google Earth products that

Page 1 -    **CLASS ACTION ALLEGATION COMPLAINT**
            **(Invasion of Privacy, 18 U.S.C. § 2511 et seq.)**

provides panoramic views from various positions along many streets in the United States and throughout the world. It was launched on May 25, 2007, originally only in several cities in the United States, and has since gradually expanded to include more cities and rural areas throughout the states of Oregon and Washington, the United States, and worldwide. GSV displays images taken from a fleet of specially adapted vehicles ("GSV vchicles").  Areas not accessible by a full-sized vehicle, such as pedestrian areas, narrow streets, alleys and ski resorts are sometimes covered by Google Trikes (tricycles) or a snowmobile.

8. On each of the GSV vehicles there are typically nine directional cameras for 360° views at a height of about 2.5 meters, GPS units for positioning, three laser range scanners for the measuring of up to 50 meters 180° in the front of the vehicle. There are also 3G/GSM/Wi-Fi antennas for scanning 3G/GSM and Wi-Fi broadcasts (sometimes called "hotspots") and associated electronic hardware for the capture and storage of wireless signals and data ("WiFi data").

9. In 2006, Google generated programming code that sampled and decoded all categories of publicly broadcast WiFi data. This type or class of program is commonly called a packet analyzer, also known as a network analyzer, protocol analyzer or packet sniffer, or for particular types of networks, an Ethernet sniffer or wireless sniffer ("wireless sniffer"). As data streams flow across the wireless network, the sniffer secretly captures each packet (or discreet package) of information, then decrypts / decodes and analyzes its content according to the appropriate specifications.

10. To view data secretly captured by a wireless sniffer in readable or viewable form, after being captured and stored on digital media, it must then be decoded using crypto-analysis or similar programming or technology. Because the data "as captured" by the wireless sniffer is

Page 1 -   **CLASS ACTION ALLEGATION COMPLAINT**
          **(Invasion of Privacy, 18 U.S.C. § 2511 et seq.)**

typically not readable by the public absent sophisticated decoding or processing, it is reasonably considered and understood to be private, protected information by users and operators of home-based WiFi systems.

11. When Google created its data collection systems on the GSV vehicles, it included wireless packet sniffers that, in addition to collecting the user's unique or chosen WiFi network name (SSID information), the unique number given to the user's hardware used to broadcast a user's WiFi signal (MAC address), the GSV data collection systems also collected data consisting of all or part of any documents, emails, video, audio, and VOIP information being sent over the network by the user ("payload data").

12. After Google collected and decoded / decrypted users' payload data, it stored the information on its servers. On information and belief, hundreds if not thousands of Google employees throughout the United States and the world have access to data maintained on Google's servers, including the decoded / decrypted payload data collected by the GSV vehicles.

13. Users had an expectation of privacy with respect to the payload data collected and decrypted / decoded by Google. Because the GSV packet sniffing data collection was done in secret, users could not, and did not give their consent to Google's activities.

**PLAINTIFFS VAN VALIN'S EXPERIENCE**

14. Since the time Google began collecting users' payload data with its GSV vehicles, plaintiff Van Valin has consistently maintained an open wireless internet connection at her residence.

15. Van Valin's residence is located on and adjacent to a street for which a GSV vehicle has collected data on at least one occasion since May 25, 2007.

Page 1 -    **CLASS ACTION ALLEGATION COMPLAINT**
            **(Invasion of Privacy, 18 U.S.C. § 2511 et seq.)**

16. Van Valin works in the high technology field, and works from her home over her internet-connected computer a substantial amount of time. In connection with her work and home life, Van Valin transmits and receives a substantial amount of data from and to her computer over her wireless internet connection ("wireless data"). A significant amount of the wireless data is also subject to her employer's non-disclosure and security regulations.

17. Unauthorized access to Van Valin's personal and work-related data invades her objectively reasonable expectations of privacy, and invades her rights to privacy.

18. On information and belief, a GSV vehicle has collected, and defendant has stored, and decoded / decrypted Van Valin's wireless data on at least one occasion.

### PLAINTIFFS MERTZ'S EXPERIENCE

19. Since the time Google began collecting users' payload data with its GSV vehicles, plaintiff Mertz has consistently maintained an open (non-password protected) wireless internet connection at his residence.

20. Mertz's residence is located on a street for which a GSV vehicle has collected data on at least one occasion since May 25, 2007.

21. Mertz transmits and receives a substantial amount of data from and to his computer over his wireless internet connection ("wireless data").

22. Unauthorized access to Mertz's personal and work-related data invades his objectively reasonable expectations of privacy, and invades his rights to privacy.

23. On information and belief, a GSV vehicle has collected, and defendant has stored, and decoded / decrypted Mertz's wireless data on at least one occasion.

### CLASS ALLEGATIONS

24. Plaintiff Van Valin brings this action on her own behalf, and on behalf of the

Page 1 -   **CLASS ACTION ALLEGATION COMPLAINT**
           **(Invasion of Privacy, 18 U.S.C. § 2511 et seq.)**

following sub-Class:

> All residents within the state of Oregon whose wireless data was captured, stored, and decoded / decrypted by defendant.

25. Plaintiff Mertz brings this action on his own behalf, and on behalf of the following sub-Class:

> All residents within the state of Washington whose wireless data was captured, stored, and decoded / decrypted by defendant.

26. Excluded from this class are defendant, any person, firm, trust, corporation, officer, director, or other individual or entity in which defendant has a controlling interest or which is related to or affiliated with defendant, and the legal representatives, heirs, successors-in-interest or assigns of any excluded party.

27. Plaintiffs and members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impractical.

28. This action involves questions of law and fact common to plaintiff Van Valin and all members of the Oregon sub-Class which include:

    (a) Whether defendant has engaged in an unlawful invasion of plaintiff's and class members' privacy interests;

    (b) Whether defendant's conduct violated of one or more of the provisions of 18 U.S.C. § 2511 et seq.;

    (c) The appropriate amount of nominal damages to compensate plaintiff and the class members for defendant's invasion of their privacy interests;

    (d) The appropriate amount of punitive damages under Oregon law necessary punish defendant for its conduct, and prevent further, similar conduct by defendant and others in the future;

(e) The appropriate amount of statutory damages that should be awarded to plaintiff and the class members under 18 U.S.C. § 2520;

(f) The appropriate amount of punitive damages necessary to punish defendant for its conduct, and prevent further, similar conduct, pursuant to 18 U.S.C. § 2520;

(g) Whether plaintiff and the class members are entitled to injunctive relief enjoining defendant from destroying their wireless data collected by defendant;

(h) Whether plaintiff and the class members are entitled to injunctive relief enjoining defendant from obtaining any wireless data from any wireless network within the state of Oregon;

(i) Whether plaintiff and the class members are entitled to injunctive relief relating to the proper and appropriate time and manner of disposition of the wireless data captured by defendant and belonging to plaintiff and the class members.

29. This action involves questions of law and fact common to plaintiff Mertz and all members of the Washington sub-Class which include:

(a) Whether defendant has engaged in an unlawful invasion of plaintiff's and class members' privacy interests;

(b) Whether defendant's conduct violated of one or more of the provisions of 18 U.S.C. § 2511 et seq.;

(c) The appropriate amount of nominal damages to compensate plaintiff and the class members for defendant's invasion of their privacy interests;

(d) The appropriate amount of statutory damages that should be awarded to plaintiff and the class members under 18 U.S.C. § 2520;

(e) The appropriate amount of punitive damages necessary to punish defendant

Page 1 -    CLASS ACTION ALLEGATION COMPLAINT
            (Invasion of Privacy, 18 U.S.C. § 2511 et seq.)

for its conduct, and prevent further, similar conduct, pursuant to 18 U.S.C. § 2520;

   (f) Whether plaintiff and the class members are entitled to injunctive relief enjoining defendant from destroying their wireless data collected by defendant;

   (g) Whether plaintiff and the class members are entitled to injunctive relief enjoining defendant from obtaining any wireless data from any wireless network within the state of Washington;

   (h) Whether plaintiff and the class members are entitled to injunctive relief relating to the proper and appropriate time and manner of disposition of the wireless data captured by defendant and belonging to plaintiff and the class members.

  30. Plaintiff Van Valin's claims are typical of the claims of the members of the Oregon sub-Class, and plaintiff Mertz's claims are typical of the claims of the members of the Washington sub-Class.

  31. The named plaintiffs are willing and prepared to serve the Court and proposed sub-Class in a representative capacity with all of the required material obligations and duties.  Plaintiffs will fairly and adequately protect the interests of the Class and have no interests adverse to or which directly and irrevocably conflict with the other members of the Class.

  32. The self-interests of the name Class representatives are co-extensive with, and not antagonistic to those of the absent Class members.  The proposed representative will represent and protect the the interests of the absent Class members.

  33. The named plaintiffs have engaged the services of the counsel listed below.  Counsel are experience in litigation, complex litigation, and will protect the rights of and otherwise effectively represent the named Class representatives and absent Class members.

  34. A class action is superior to all other available methods for the fair and efficient

Page 1 - **CLASS ACTION ALLEGATION COMPLAINT**
    **(Invasion of Privacy, 18 U.S.C. § 2511 et seq.)**

adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it inefficient and ineffective for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

35.     The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for defendant. Defendant has acted on grounds that apply generally to the Class, making equitable and monetary relief appropriate to the Class as a whole.

## FIRST CLAIM FOR RELIEF

### (Invasion of Legally Protected Privacy Interests - Oregon Sub-Class)

36.     Plaintiffs reallege paragraphs 1 through 35, and further allege:

37.     Defendant's conduct was an intentional intrusion upon plaintiffs' and class members' private affairs or concerns, and would be offensive to a reasonable person.

38.     Defendant's conduct constituted the tort of invasion of privacy with respect to plaintiffs and class members.

39.     Plaintiffs and class members are entitled to an award of nominal damages to compensate for defendant's invasion of their privacy.

40.     The Oregon sub-Class in entitled to recover punitive damages in an amount to be determined by the jury, but sufficient to prevent the same or similar conduct by defendant and others in the future.

## SECOND CLAIM FOR RELIEF

### (Invasion of Privacy - Washington Sub-Class)

41.     Plaintiffs reallege paragraphs 1 through 35, and further allege:

Page 1 -    CLASS ACTION ALLEGATION COMPLAINT
            (Invasion of Privacy, 18 U.S.C. § 2511 et seq.)

42. Defendant's conduct was an intentional intrusion upon plaintiffs' and class members' private affairs or concerns, and would be offensive to a reasonable person.

43. Defendant's conduct constituted the tort of invasion of privacy with respect to plaintiffs and class members.

44. Plaintiffs and class members are entitled to an award of nominal damages to compensate for defendant's invasion of their privacy.

### THIRD CLAIM FOR RELIEF

### (18 U.S.C. § 2511 et seq.)

45. Plaintiffs reallege paragraphs 1 through 35, and further allege:

46. Defendant's conduct was a violation of 18 U.S.C. § 2511.

47. Pursuant to 18 U.S.C. § 2520, each of the plaintiffs and each class Member is entitled to damages and relief as follows:

   (a) for each plaintiff and each class member, statutory damages of whichever is the greater of $100 each day that person's data was obtained by defendant, or $10,000 per violation suffered by that plaintiff or class member;

   (b) punitive damages in an amount to be determined by the jury, but sufficient to prevent the same or similar conduct by defendant and others in the future;

   (c) a reasonable attorney's fee and other litigation costs reasonably incurred.

### FOURTH CLAIM FOR RELIEF

### (Injunctive Relief)

48. Plaintiffs reallege paragraphs 1 through 35, and further allege:

Page 1 -   CLASS ACTION ALLEGATION COMPLAINT
           (Invasion of Privacy, 18 U.S.C. § 2511 et seq.)

49.     Defendant has, at various times and through various of its representatives, claimed that it intends to destroy, as soon as possible, the payload data its GSV vehicles have collected.

50.     Destruction of the payload data collected from plaintiffs and class members would result in spoliation of evidence critical to proving (1) membership in the class, (2) the allegations in their legal claims, and (3) the amount of damages.

51.     Plaintiffs move this court, on behalf of themselves the class, for a preliminary and permanent injunction barring defendant from destroying or altering any payload data collected within the states of Oregon and/or Washington.

## REQUEST FOR RELIEF

Plaintiffs request a judgment:

A.     Certifying this action as a class action as set forth above;

B.     Awarding plaintiffs and class members injunctive relief to enjoin defendant from destroying or altering any payload data collected within the states of Oregon and/or Washington;

C.     Awarding nominal damages for defendants invasion of all plaintiffs' and all class members' privacy interests;

D.     Awarding punitive damages to Van Valin and the Oregon sub-class for defendant's invasion of their privacy interests;

E.     Awarding statutory damages under 18 U.S.C. § 2520 to each plaintiff and to each class members equal to the greater of $100 for each day any plaintiff or class member's data was obtained by defendant, or $10,000 per violation suffered by each plaintiff or class member;

F.     Awarding punitive damages under 18 U.S.C. § 2520 in an amount to be determined by the jury, but sufficient to prevent the same or similar conduct by defendant and others in the future;

Page 1 -     **CLASS ACTION ALLEGATION COMPLAINT**
             **(Invasion of Privacy, 18 U.S.C. § 2511 et seq.)**

G.  Awarding a reasonable attorney's fee and other litigation costs reasonably incurred;

H.  Awarding all other costs, relief, and damages legally available under the claims and allegations set forth in this complaint.

**Dated:** May 17, 2010.

| RICK KLINGBEIL, PC | BROOKS COOPER |
|---|---|
| *signature* | *signature* |
| Rick Klingbeil<br>OSB #933326<br>Ph: (503) 473-8565<br>rick@klingbeil-law.com | Brooks Cooper<br>OSB #941772<br>WSB #32460<br>Ph: (971) 645-4433<br>brooks@bcooperlaw.com |

Page 1 -   CLASS ACTION ALLEGATION COMPLAINT
           (Invasion of Privacy, 18 U.S.C. § 2511 et seq.)