**Rick Klingbeil, OSB #933326**
**RICK KLINGBEIL, PC**
520 SW Sixth, Suite 950
Portland, OR 97204
Ph: (503) 473-8565
rick@klingbeil-law.com

**Brady Mertz, OSB #970814, WSB #32558**
2285 Liberty St NE
Salem OR 97301
Ph: (503) 385-0121
brady@bradymertz.com

**Brooks Cooper, OSB #941772, WSB #32460**
520 SW 6th Ave., Ste. 914
Portland OR 97204
Ph: (971) 645-4433
brooks@bcooper-law.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **VICKI VAN VALIN, on behalf of herself and all others similarly situated within the state of Oregon; NEIL MERTZ on behalf of himself and all other similarly situated within the state of Washington;**<br><br>Plaintiffs,<br>v.<br><br>**GOOGLE, INC., a Delaware corporation;**<br><br>Defendant. | No. CV 10-557 ST<br><br>**MOTION AND MEMORANDUM IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - FRCP 65(b)** |

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY**

**INJUNCTION OR, ALTERNATIVELY, DISCOVERY ORDER**

Plaintiffs individually and on behalf of a potential class described below move under

Page 1 -   MOTION AND MEMORANDUM IN SUPPORT OF TEMPORARY
            RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Fed.R.Civ.P. 65(b) for a Temporary Restraining Order and Preliminary Injunction, or in the alternative a discovery Order to prevent the destruction or alteration of certain data and evidence currently within the possession, custody, or control of defendant Google, Inc. ("Google").

Concurrent with filing this Motion, plaintiffs' counsel's staff hand-delivered a copy to defendant's registered agent in the state of Oregon, at the following address:

> Google, Inc.
> c/o The Corporation Trust Company
> 388 State Street, Suite 420
> Salem, OR  97301

and sent a copy by facsimile to Google, Inc. at its business offices in Mountain View, California through its published facsimile number: 1-650-253-0001, and mailed a copy via first class mail to:

> Google, Inc.
> 1600 Amphitheatre Parkway
> Mountain View, CA 94043.

## I.    NATURE OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION SOUGHT

Plaintiffs on their own behalf, and as class representatives for all similarly-situated Oregon and Washington citizens have filed a Class Action Allegation Complaint, claiming invasion of privacy interests, and violation of 18 U.S.C. § 2511 *et seq*. (Dkt. 1). The Temporary Restraining Order and Preliminary Injunction sought is to enjoin Google, Inc. from destroying or altering electronic data it obtained from plaintiffs and class members, that Google currently possesses, and is critical to the investigation and proof of the claims and defenses in this lawsuit. (Klingbeil dec., para. 2).

## II.    BASIS FOR THE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

One of Google's web-based and web-accessed internet services is Google Street View ("GSV"). GSV is a technology featured in the Google Maps and Google Earth products that provides panoramic views from various positions along many streets in Oregon, Washington, the United States, and throughout the world. It was launched on May 25, 2007, originally only in several cities in the United States, and has since gradually expanded to include more cities and rural areas throughout the United States, and worldwide. GSV displays images taken from a fleet of specially adapted vehicles ("GSV vchicles"). (Klingbeil dec., para. 3, Ex. "A")

On each of the GSV vehicles there are directional cameras, global positioning system ("GPS") units for positioning, range scanners for the measuring distances. There are also antennas for scanning and obtaining 3G/GSM and/or Wi-Fi broadcasts (sometimes called "hotspots") and associated electronic hardware for the capture and storage of wireless signals and data ("WiFi data").

According to Google's admissions posted on its official web log ("blog") hosted at an internet domain it controls, in 2006 Google generated programming code that sampled and decoded all categories of publicly broadcast WiFi data. *Id.* This type or class of program is commonly called a packet analyzer, also known as a network analyzer, protocol analyzer or packet sniffer, or for particular types of networks, an Ethernet sniffer or wireless sniffer ("wireless sniffer"). As data streams flow across the wireless network, the sniffer secretly captures each packet (or discreet package) of information, then decrypts / decodes / assembles or analyzes its content as necessary according to the appropriate specifications. The captured data is reasonably considered and understood to be private, non-public information by users and operators of home-based WiFi systems. *Id.*

When Google created the data collection systems on the GSV vehicles, it included wireless

Page 3 -   MOTION AND MEMORANDUM IN SUPPORT OF TEMPORARY
          RESTRAINING ORDER AND PRELIMINARY INJUNCTION

packet sniffers. In addition to collecting the user's unique or chosen WiFi network name (SSID information), and the unique number given to the user's hardware used to broadcast a user's WiFi signal (MAC address), it also collected all or part of any documents, emails, video, audio, and VOIP information being sent over the network by the user as the vehicle passed in front of their residence ("payload data").  *Id.*

After Google collected users' payload data, it stored and retained the information. On information and belief, hundreds if not thousands of Google employees throughout the United States and the world have access to data maintained on Google's servers, including the payload data collected by the GSV vehicles.

Google has indicated in its press releases, and on its Google blog that it intends to destroy the collected data in the near future. (Klingbeil dec., para. 3, Exhibit "A", pp. 1, 5, 6, 9).  On its blog, Google has stated:

> "As soon as we became aware of this problem, we grounded our Street View cars and segregated the data on our network, which we then disconnected to make it inaccessible.  **We want to delete this data as soon as possible, and are currently reaching out to regulators in the relevant countries about how to quickly dispose of it.**"  (*Id.,* Exhibit "A", p. 1). (Emphasis added.)

In line with Google's statement, it has apparently already deleted payload data collected in Ireland.  (*Id.,* p. 1, first paragraph - May 17, 2010 update).

On Friday, May 14, 2010, plaintiffs' counsel Google, by facsimile and mail, a demand that it preserve the payload and other data.  (Klingbeil dec., para. 4, Exhibit "B").

### III.     LEGAL STANDARD

Whether to grant or to deny a motion for preliminary injunction or a motion for a TRO is within the equitable discretion of the court. *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988). The Ninth Circuit recognizes two alternative standards for preliminary injunctions.

*Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. United States Dep't of Ag.*, 415 F.3d 1078, 1092 (9th Cir. 2005)(citing *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005)). An order properly issues under the traditional standard if the court determines movant has shown "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Id.*

Under the "alternative standard," a temporary restraining order properly issues when plaintiff demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id*.

"Serious questions" are those "questions which cannot be resolved one way or the other at the hearing on the injunction." *Rep. of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988), *cert. denied*, 490 U.S. 1035 (1989). Serious questions are "substantial, difficult and doubtful" enough to require more considered investigation. *Id.* Such questions need not show a certainty of success nor even demonstrate a probability of success, but they "must involve a 'fair chance of success on the merits.'" *Id.* (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)).

The requirement for showing a likelihood of irreparable harm prior to trial increases or decreases in inverse correlation to the probability of success on the merits at trial. *Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990). *See also Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999)(these factors represent two points on a sliding scale: "the greater the relative hardship to the moving party, the less probability of success must be shown")(citation omitted). The essence of the court's inquiry is whether the balance of equities favors granting

preliminary relief. *International Jensen*, 4 F.3d at 822.

## IV.    MEMORANDUM IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, OR DISCOVERY ORDER

Here, regardless of the standard used by the court, the requested Temporary Restraining Order and Preliminary Injunction should issue.

**A.    Analysis under the first test described by *Ranchers Cattleman*:**

Under the first test cited by *Ranchers Cattleman*, each of the factors weighs in favor of enjoining Google from destroying the data:

### 1.    Strong likelihood of success on the merits

Google has publicly admitted that it surreptitiously collected the data at issue. The data was "payload" data not normally visible on a wireless network absent use of a specialized programming to decrypt or reassemble the captured data. 18 U.S.C. § 2511 is violated by:

> "any person who—
>
> > (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5)."

18 U.S.C. § 2520 permits recovery of damages for violation of § 2511 in a civil suit:

> (a) **In General.**— Except as provided in section 2511 (2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.
>
> (b) **Relief.**— In an action under this section, appropriate relief includes—
>
> > (1)    such preliminary and other equitable or declaratory relief as may be appropriate;
> > (2)    damages under subsection (c) and punitive damages in appropriate cases; and

    (3)  a reasonable attorney's fee and other litigation costs reasonably incurred.

The is a substantial likelihood that plaintiffs and class members will be able to show that when Google intentionally outfitted its GSV vehicles with the appropriate hardware, and sniffer software to allow it to capture and save the intercepted payload data, Google "intentionally intercept[ed], or procure[d] any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication."

  **2.**  **possibility of irreparable injury to plaintiff (and class) if the relief is not granted**

The payload data is the primary evidence necessary to establish class membership, Google's liability, the appropriate damages, and any defenses (or absence of defenses) available to Google. If the payload data Google collected from plaintiffs and class members is destroyed, they will be unable to pursue their legal claims for Google's invasion of their privacy interests, and for its violation of 18 U.S.C. § 1121. Destruction of the data would work an irreparable harm on plaintiffs and the class.

  **3.**  **balance of hardships favor the plaintiffs (and class)**

There is little hardship of requiring one of the world's largest technology companies, with likely upwards of hundreds of thousands of servers, and petabytes or more of data storage to continue to store and maintain the integrity of the payload data collected from plaintiffs and class members.

In contrast, destruction of the payload data would all but end the opportunity for the plaintiffs and the class to address the claims set forth in their Complaint, and seek redress for defendant's invasion of their privacy. When compared, the balance of hardships weighs heavily in favor of plaintiffs.

### 4. advancement of the public interest

The public interests are served by enjoining Google from destroying or altering the payload data, which is core evidence in this lawsuit. Courts have long recognized, and taken swift and strong action to protect the integrity of evidence in lawsuits. *Leon v. IDX Systems Corp.,* 464 F.3d 951 (C.A.9, 2006).

The public interest in protecting the public's privacy interests will be served by allowing plaintiffs and the class to determine whether and to what extent their privacy was invaded by Google. That is especially true where, as here, Google was driving down public streets and essentially vacuuming up data and communications from un-expecting homeowners and residents throughout both states, and the nation.

### B. Analysis under the second / alternative test described in *Ranchers Cattleman*:

Under the second Ninth Circuit test cited by *Ranchers Cattleman*, each factor weighs in favor of enjoining Google from destroying the payload data:

### 1. serious questions are raised

Under this analysis, plaintiffs need only show a fair chance of success on the merits. Google's conduct and admissions, when weighed against the common law tort of invasion of privacy interests, and the statutory prohibitions of 18 U.S.C. § 2511 show at least a fair chance of success on the merits.

### 2. the balance of hardships tips sharply in favor of plaintiffs and the class

There is miniscule hardship to Google asking it to simply maintain the status quo. All it must do is not erase the segregated payload data that it is currently storing,  For even a small defendant, maintaining the status quo with stored electronic data would work very little if any hardship. For Google, any hardship presented is infinitesimal at best.

The hardships tip sharply in favor of plaintiffs and the class is far greater. As discussed above, if Google is allowed to erase or alter the payload data, its actions would all but end the opportunity for the plaintiffs and the class to address the claims set forth in their Complaint, and seek redress for defendant's invasion of their privacy and statutory violations.

**C.    The Court's Authority to manage discovery under the Federal Rules of Civil Procedure provides a basis for issuance of an Order to prevent destruction of the documents and data.**

Under Fed.R.Civ.P. 16, 26, 33, 34, 37, and 45, the court has the authority to manage discovery, and issue appropriate Orders to the parties in this lawsuit concerning preservation, production, and protection of documents and evidence. This authority, Google's stated intention to destroy the payload data as soon as possible, and the fact that the data is without argument discoverable evidence in this case, provides a basis for this Court to issue an immediate Discovery Order prohibiting Google from destroying the payload data at issue.

## V.    CONCLUSION

Regardless of the test used by this court, the facts provide a strong basis for this court to issue a Temporary Restraining Order and Preliminary Injunction enjoining Google, Inc. from destroying or altering any of the payload data it has collected for any person or entity within the states of Oregon and Washington.

Even if this court chooses not to issue a Temporary Restraining Order and Preliminary

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

Injunction, it has the authority to immediately issue a discovery Order preventing Google from destroying or altering evidence which will be subject to discovery in this case.

**Dated:** May 17, 2010.

| | |
|---|---|
| **RICK KLINGBEIL, PC** | **BROOKS COOPER** |
| _____ | _____ |
| Rick Klingbeil | Brooks Cooper |
| OSB #933326 | OSB #941772 |
| Ph: (503) 473-8565 | WSB #32460 |
| rick@klingbeil-law.com | Ph: (971) 645-4433 |
| | brooks@bcooper-law.com |

## CERTIFICATE OF SERVICE

I, Rick Klingbeil, hereby certify that on May 18, 2010 I electronically filed the preceding document with the clerk of the court using the CM/ECF filing system.

Because no appearance has been made by defendant or its counsel, a true and correct copy of this document has also been served by hand delivery to defendant's registered agent within the state of Oregon, and mailed via first class mail to defendant at the following addresses:

Hand Delivery to:

    Google, Inc.
    c/o The Corporation Trust Company
    388 State Street, Suite 420
    Salem, OR  97301

First Class Mail to and Facsimile Transmission to:

    Google Inc.
    1600 Amphitheatre Parkway
    Mountain View, CA 94043

    Facsimile No.: 1-650-253-0001

**DATED:** May 18, 2010.

                                          RICK KLINGBEIL, P.C.

                                          _____
                                          Rick Klingbeil, OSB #933326
                                          of Attorneys for Plaintiffs